WARNER, J.
Nordlicht and seven others appeal from a non-final order which denied their motion to dismiss based on forum non conve-niens grounds. They sought to transfer the case from Florida, the jurisdiction chosen by the plaintiff, to New York, the place of the defendants’ residences. We affirm, concluding that the trial court did not abuse its discretion in denying the motion.
Abraxas Discala and the Broadsmoore Group (collectively “Discala”) sued Mark Nordlicht, Platinum Partners, Centurion Credit Management, LP, Level 3 Capital Fund LP, Jack Simony, Murray Huber-feld, Ari Glass, and David Bodner (collectively “Nordlicht”). Discala alleged that Nordlicht defamed Discala by tying Disca-la to the Scott Rothstein Ponzi scheme in Florida through an email, and that the defamatory statements were then published on an internet blog. Nordlicht moved to dismiss Discala’s action on the basis of forum non conveniens, asserting that the statements were first made in New York and that all of the defendants reside or have their principal place of business in New York. According to Nordlicht, a majority of the evidence and witnesses are located in New York, and no party is a Florida resident. Nordlicht offered affidavits of defendants Simony and Glass, who stated they have no connection to Florida. Nordlicht contended that New York was an adequate alternative forum and that the defendants’ private interests weighed in favor of dismissal.
Discala responded by noting that he was a Florida resident when the defamatory statements were made, and fourteen of his witnesses who would testify regarding damages lived in Florida and would not travel to New York. Further, the evidence regarding Rothstein and the Ponzi scheme all centered in Florida. The response included affidavits from the fourteen witnesses.
Discala also argued that public interest factors weigh in favor of the Florida forum. Discala asserted that Florida has an interest in adjudicating this dispute, because the Rothstein scheme took place in Florida and the defamatory statements were aimed at Florida and its citizens. Discala contended that the consequences of the defamation were concentrated in Florida because Discala’s investors are located here.
The trial court denied the motion without elaborating the reasons for its decision. From that order, Nordlicht appeals.
A trial court’s ruling on a motion to dismiss based on forum non conveniens is *953 reviewed for abuse of discretion. Ira Mex, Inc. v. Se. Interior Constr., Inc., 777 So.2d 1107, 1108 (Fla. 4th DCA 2001). Similarly, in Owens-Corning Fiberglas Corp. v. Ballard, 789 So.2d 603, 605 (Fla. 4th DCA 1998), we held that the trial court exercises sound discretion in determining whether or not to dismiss a case for forum non conveniens, stating, “discretionary power is subject only to the test of reasonableness, which, in turn, requires a determination of whether there is logic and justification for the result,” citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), the Florida Supreme Court adopted the following four-step analysis for determining forum non conveniens used in federal courts:
As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
674 So.2d at 90 (emphasis in original). The court explained that the first step is satisfied if the defendant is amenable to process in the other jurisdiction. Id. The second step focuses on how the parties’ private interests will be affected if the motion is granted or denied. Id. at 91. It deals with practical concerns such as adequate access to evidence and witnesses, practicalities and expenses associated with the litigation. Id.
Recently, in Cortez v. Palace Resorts, Inc., 123 So.3d 1085 (Fla.2013), the court emphasized that in weighing private interests, the strong presumption in favor of the plaintiffs choice of forum applies even where the plaintiff is a non-resident of Florida. Id. at 1094. As to the third step, Cortez modified Kinney to the extent that it now requires that Florida courts always consider the public interests, even where private interests favor the alternative forum. Id. at 1097. The fourth step is to ensure that when a forum non conveniens dismissal is granted, the remedy which is potentially available in the alternative forum does not become illusory. Id. at 1093-94.
Nordlicht focuses most of its argument on its contention that the private interests favor New York, noting that all of the defendants reside or have their businesses in New York or surrounding states. Further, Nordlicht claims that Discala is a resident of New York, and most of the witnesses to the defamation are located there. Nevertheless, Discala contends that his fourteen damage witnesses and witnesses regarding the Rothstein Ponzi scheme are all located in Florida. Given those facts, it appears that at least one party’s witnesses will be inconvenienced or unavailable, depending upon whether the action proceeds in Florida or New York. Under those circumstances, it can hardly be said that the private interests favor the alternative forum, particularly when given the deference which must be paid to the plaintiffs choice of forum under Cortez.
Even if the private interests favored the alternative forum, Cortez teaches that the Florida courts must consider the public interests before transferring the case. Cortez, 123 So.3d at 1097. The *954 “public interests” factors focus on whether the case has a general nexus with the forum sufficient to justify the forum’s commitment of judicial time and resources to it. Kinney, 674 So.2d at 91-92. Courts consider three principles in deciding public interest: first, whether the court can protect its docket from cases over which it may be able to assert jurisdiction but which lack significant connection to the forum; second, whether the court can legitimately encourage the litigation of controversies in the localities where they arose; and third, in considering whether to retain jurisdiction over a case, a court may consider its familiarity with the law which will have to be applied. Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1124 (Fla. 4th DCA 1997).
Although Nordlicht argues that the defamation occurred in New York by the transmission of an email, the information was then broadcast on an internet blog, and Discala alleges that Nordlicht knew and intended that the information reach a wider audience. In Internet Solutions Corp. v. Marshall, 89 So.3d 1201, 1216 (Fla.2010), the court held that “[a] nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida’s long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida.” Therefore, it is clear that Florida has a general nexus to the defamation as well as the damages ensuing from it. Further, Florida has a nexus to the Rothstein Ponzi scheme to which the allegedly defamatory statements tied the plaintiff. As this defamation can be considered a tortious act directed at Florida and its residents, the courts of Florida should be open to its resolution. Thus, consideration of the public interest factors does not compel litigating this action in an alternative forum.
As the trial court did not abuse its discretion in denying the motion to dismiss based upon forum non conveniens, we affirm.
CIKLIN, J., and TUTER, JACK, Associate Judge, concur.