IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN H. ARCHIBALD,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D15-4457

MARK F. BURKE,

     Appellee.

_____/

Opinion filed July 25, 2016.

An appeal from the Circuit Court for Duval County.
Lawrence P. Haddock, Judge.

Robert L. Parks and Gabriel A. Garay of The Law Offices of Robert L. Parks, P.L.,
Miami, for Appellant.

Allan R. Kelley and Helaine S. Goodner of Fowler White Burnett, P.A., Miami, for
Appellee.

WETHERELL, J.

Appellant suffered severe injuries to his hand while attempting to secure

Appellee's sailboat to a dock at the Jacksonville Landing where the boat made a

temporary stop on its voyage from Ontario, Canada to the Bahamas. Appellee was at the helm of the boat when the accident occurred, and both he and Appellant are citizens and residents of Canada.

Several months after the accident, Appellant filed a negligence suit against Appellee in the Duval County circuit court. Appellee filed a motion to dismiss on forum non conveniens grounds, and after a hearing, the trial court granted the motion and dismissed this case. This timely appeal followed.

We find no abuse of discretion in the trial court's ruling on the motion to dismiss. Accordingly, we affirm the dismissal order.

A trial court is required to engage in a four-step analysis before dismissing a case on forum non conveniens grounds:

> [1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of <u>private</u> interest, weighing in the balance a strong presumption[1] against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of <u>public</u> interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a . . . forum, the trial judge must finally ensure

---

[1] This "strong presumption" does not apply where, as here, the plaintiff is not a United States citizen. <u>See</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255-56 (1981); <u>Cortez v. Palace Resorts, Inc.</u>, 123 So. 3d 1085, 1095-96 (Fla. 2013); <u>Publicidad Vepaco, C.A. v. Mezerhane</u>, 176 So. 3d 273, 278 (Fla. 3d DCA 2015); <u>WEG Industrias, S.A. v. Compania De Seguros Generales Granai</u>, 937 So. 2d 248, 254 (Fla. 3d DCA 2006); <u>Mursia Inv. Corp. v. Industria Cartonera Dominicana</u>, 847 So. 2d 1064, 1067 (Fla. 3d DCA 2003).

that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So. 2d 86, 90 (Fla. 1996) (quoting Pain v. United Tech. Corp., 637 F.2d 775, 784-85 (D.C. Cir. 1980)) (emphasis and alterations in original), reaffirmed and refined by Cortez v. Palace Resorts, Inc., 123 So. 3d 1085 (Fla. 2013). "The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion." Fla. R. Civ. P. 1.061(a); see also Atl. Coast Line R.R. Co. v. Cameron, 190 So. 2d 34, 36 (Fla. 1st DCA 1966) ("The application of the doctrine of forum non-conveniens is discretionary on the part of the trial judge, and the question to be decided by the reviewing court on appeal, is whether there was a clear abuse of discretion on the part of the trial judge.").

Here, it is undisputed that there is an adequate alternative forum in Canada which possesses jurisdiction over this case (Kinney/Cortez step 1) and that Appellant can bring his suit in that forum without undue inconvenience or prejudice (step 4). The dispute below – and on appeal – is on steps 2 and 3, the balancing of the private interest and public interest factors.

The private interest factors focus on the parties' access to the evidence and witnesses, the ease of enforcing judgments, and the practicalities and expenses associated with the action. See Cortez, 123 So. 3d at 1092 (citing Kinney, 674 So. 2d at 91). The public interest factors focus on "whether the case has a general

3

nexus with the forum." Id. at 1093 (quoting Kinney, 674 So. 2d at 91).

The record reflects that the trial court properly considered both the private interest and public interest factors before dismissing this case. With respect to the private interest factors, the dismissal order specifically found that the convenience of the parties and witnesses and the interests of justice favor litigating this case in Canada because "this action is between Canadian citizens and resident[s], involves a Canadian flag vessel, and the liability witnesses, the vast majority of damages witnesses, including medical personnel, the insurers of the parties, and a pending related action are located in Ontario, Canada." With respect to the public interest factors, the trial court stated at the hearing on the motion to dismiss that "it sounds like we have very little nexus to Florida," and the record supports this finding. The fact that the court did not discuss the public interest factors in the dismissal order does not compel reversal because, as the Fourth District has explained, "[t]here is no per se rule requiring a remand whenever an order granting or denying dismissal on forum non conveniens grounds fails to explicitly set forth the court's resolution of the four-step analysis [if] the record is sufficient to review the trial court's ultimate determination." Smith Barney, Inc. v. Potter, 725 So. 2d 1223, 1225 (Fla. 4th DCA 1999).

Under these circumstances, the trial court did not abuse its discretion in dismissing this case on grounds of forum non conveniens. Accordingly, we affirm

4

the dismissal order.

AFFIRIMED.

B.L. THOMAS and WINSOR, JJ., CONCUR.