CANADY, J.,
dissenting.
Because I conclude that there is no express and direct conflict of decisions underpinning our review, I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3) of the Florida Constitution. Contrary to the view adopted by the majority, the Fifth District’s decision in State v. Myers, 169 So.3d 1227 (Fla. 5th DCA 2015), does not expressly and directly conflict with Ross v. State, 45 So.3d 403 (Fla. 2010), or Ramirez v. State, 739 So.2d 568 (Fla. 1999).
*984 The majority’s view is that Myers conflicts with Ross and Ramirez because “[u]nder a Ramirez analysis, no single prong should be considered in isolation,” but “the Fifth District placed undue weight on the [free-to-leave] factor at the expense of factors two and three, which is evidenced by” footnote three of the opinion below. See majority op. at 981-82. But the Fifth District did not consider the fact that Myers was told she was free to leave either in isolation or at the expense of the other Ramirez factors. Rather, the Fifth District expressly analyzed each of the four factors as follows:
Thus, as for prongs one and four, the manner in which law enforcement summoned the defendant for questioning did not suggest that she was in custody, and the defendant was told, prior to both interviews, that she was not under arrest and she was free to leave at any time.[N.3]
[N.8] Notably, the defendant has not cited to any case where a defendant was found to be in custody where the defendant was told, prior to being interviewed, that he/she was free to leave at any time.
As for prongs two and three, although one purpose of the interview was to get the defendant to tell the officers her motive for participating in her husband’s murder, and the officers spent most of the time during both interviews confronting the defendant with evidence they said they had against her, under the totality of the circumstances, a reasonable person in the defendant’s position would have felt free to terminate the interviews.
Myers, 169 So.3d at 1231 (emphasis added).
When determining whether a defendant is in custody during questioning, a court properly considers whether the police informed the defendant that he or she was free to leave the place of questioning, Ramirez, 739 So.2d at 574, and the district court’s mention in a footnote that Myers failed to cite any case in which a defendant was determined to have been in custody during questioning despite being told that he or she was free to leave does not provide any indication, let alone express indication, that the court misapplied Ross or Ramirez by placing “undue weight” on the free-to-leave factor “at the expense of factors two and three.” In considering each of the four Ramirez factors, the Fifth District employed the legal standard our precedents have set forth. Even if we disagree with the result reached by the district court, “this Court is without power to simply assume jurisdiction in a case to correct what we perceive as error.” State v. Barnum, 921 So.2d 513, 523 (Fla. 2005); see also Am. Wall Sys., Inc. v. Madison Intern. Group, Inc., 944 So.2d 172, 176 (Fla. 2006) (Cantero, J., dissenting) (“Like it or not, we must permit some district court decisions to become final even though we disagree with them.”).
The majority also asserts that the Fifth District misapplied our precedents by failing to properly weigh the Ramirez factors and “give the appropriate emphasis to the evidence regarding the interrogation, including placement in a small room, confronting Myers with ‘a mountain of evidence,’ accusations that she was lying, and use of the good-cop/bad-cop technique,” majority op. at 981-82, but neither Ross nor Ramirez establishes a precedent regarding the “appropriate emphasis” to be given to such case-specific facts. And the majority’s disagreement with how the district court weighed the Ramirez factors does not establish express and direct conflict. Cf. Cortez v. Palace Resorts, Inc., 123 So.3d 1085, 1098 (Fla. 2013) (Canady, J., dissenting) (“But the fact that a majority of this Court disagrees with how a lower court has weighed the Kinney[ System, *985 Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla. 1996),] factors does not establish express and direct conflict.”).
I therefore conclude that this Court is without jurisdiction to review the Fifth District’s decision based on express and direct conflict. Accordingly, I dissent.
POLSTON, J., concurs.