DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IMPERIAL CAPITAL, LLC,**
Appellant,

v.

**TRADEWINDS, LTD.,** a/k/a **TRADEWINDS LTD. CORP.,**
Appellee.

No. 4D18-3709

[August 28, 2019]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case No. 50-2018-CA-005225-XXXX-MB.

Benjamin J. Biard, Ronnie Guillen, and Brittany P. Borck of Winget Spadafora Schwartzberg, LLP, Miami, for appellant.

J. Andrew Fine of Marshall Grant, PLLC, Boca Raton, for appellee.

PER CURIAM.

Imperial Capital, LLC appeals the denial of its motion to dismiss for lack of personal jurisdiction and its motion to dismiss based on forum non conveniens. We reverse the denial of the motion to dismiss for lack of personal jurisdiction and remand for the trial court to determine whether Imperial Capital's contacts in Florida are so continuous and systematic as to render it "at home" in the state and subject to the exercise of general personal jurisdiction.[1]

Imperial Capital is a Delaware corporation with its principal place of business in California. It maintains a small office in Palm Beach County, but the majority of its employees, including most of its executive officers

---

[1] Because we conclude that the trial court erred in denying the motion to dismiss for lack of personal jurisdiction, we do not decide whether the court abused its discretion in denying the motion to dismiss based on forum non conveniens. *See Cortez v. Palace Resorts, Inc.*, 123 So. 3d 1085, 1090-91 (Fla. 2013) (explaining that the doctrine of forum non conveniens "comes into play" only if the plaintiff has first obtained personal jurisdiction over the defendant).

and all of the employees involved in this dispute, work in the California office.

In its complaint, Tradewinds, Ltd. alleges that Imperial Capital tortiously interfered with its contract with non-party Grupo Dolphin Discovery. Tradewinds' claims are based primarily on the actions of an Imperial Capital employee during a trade show in New York. Tradewinds alleges that Imperial Capital is subject to personal jurisdiction in Florida because it "maintains an office and conducts regular business" in Palm Beach County.

Imperial Capital moved to dismiss, arguing that it is not subject to personal jurisdiction in Florida because Florida is not its "home residence." The court denied the motion, concluding that Imperial Capital is subject to personal jurisdiction in Florida because it maintains "systematic, regular contact" with the state by conducting "regular continuous business activities" through its office in Palm Beach County. This appeal followed.

Because the trial court's denial of Imperial Capital's motion to dismiss was based purely on legal conclusions, our review is de novo. *See Wendt v. Horowitz*, 822 So. 2d 1252, 1256-57 (Fla. 2002); *Hamilton v. Hamilton*, 142 So. 3d 969, 971 (Fla. 4th DCA 2014).

Determining whether a Florida court can exercise personal jurisdiction over a foreign defendant involves a two-step inquiry: first, whether the complaint alleges sufficient jurisdictional facts to bring the action within the reach of Florida's long-arm statute; and second, whether the defendant has sufficient minimum contacts with the state to satisfy federal constitutional due process requirements. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500-02 (Fla. 1989).

This case involves general, rather than specific, personal jurisdiction because Tradewinds' claims do not arise from Imperial Capital's activities in Florida. *See, e.g.*, *Imerys Talc Am., Inc. v. Ricketts*, 262 So. 3d 799, 802 (Fla. 4th DCA 2018). Imperial Capital concedes that Tradewinds alleged sufficient facts to bring the action within the reach of Florida's general jurisdiction statute. § 48.193(2), Fla. Stat. (2018) (providing that a defendant who is engaged in "substantial and not isolated activity within this state" is subject to personal jurisdiction in the state regardless of whether the claim arises from that activity). The question presented in this appeal is whether Imperial Capital has sufficient contacts with the state to satisfy constitutional due process requirements.

The trial court concluded that Imperial Capital has sufficient contacts with Florida to justify the exercise of general jurisdiction because it maintains an office in Palm Beach County where it employs Florida residents and serves Florida clients. The court cited *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), where the United States Supreme Court held that a state could exercise general jurisdiction over a foreign corporation if the corporation had "continuous and systematic general business contacts" with the state. *Id.* at 414-16.

In recent years, however, the Supreme Court has heightened the constitutional due process standard for exercising general jurisdiction over a foreign corporation. The inquiry is no longer whether the corporation's contacts with the state are "continuous and systematic" but whether they are "so continuous and systematic as to render [the corporation] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Banco de los Trabajadores v. Cortez Moreno*, 237 So. 3d 1127, 1134 (Fla. 3d DCA 2018).

We conclude that the trial court applied the wrong constitutional due process standard in determining whether it could exercise general jurisdiction over Imperial Capital. We cannot determine from this record whether Imperial Capital's contacts with Florida are so continuous and systematic as to render it essentially "at home" in the state. We therefore reverse the denial of Imperial Capital's motion to dismiss and remand for the trial court to apply the due process standard set forth in *Daimler* and *Goodyear*. *See Banco de los Trabajadores*, 237 So. 3d at 1134-35.

*Reversed and remanded.*

GROSS, DAMOORGIAN and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

3