PER CURIAM.
A wrongful death action was brought for the drowning of a child at a Broward County park. The defendant, appellee MI Temps of Florida Corporation (MI Temps) is an agency providing temporary employees one of whom was a lifeguard working at the area where the drowning occurred. MI Temps successfully sought to dismiss the action for failure to join Broward County as an indispensable party. Having already settled with Broward County in a separate lawsuit, the Plaintiffs asked that the dismissal be with prejudice so as to permit this appeal. We reverse.
Deposition evidence considered by the court shows that Broward County trained, supervised, and otherwise controlled the activities of the MI Temps lifeguard. Although that would certainly tend to refute the allegations of MI Temps’ negligence, the motion before the trial court was not one for summary judgment. The only issue was whether Broward County was an indispensable party, and we find that it was not.
An indispensable party “is one whose interest in the subject matter of the action is such that if he is not joined, a complete and efficient determination of the equities and rights and liabilities of the other parties is not possible.” Kephart v. Pickens, 271 So.2d 163, 164 (Fla. 4th DCA 1972), cert, denied, 276 So.2d 168 (Fla.1973). There is no reason why the issues between the parties to this lawsuit cannot be determined without Bro-ward County. This is especially so given the dictates of Fabre v. Marin, 623 So.2d 1182 (Fla.1993).
Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
DELL, STONE, JJ., and KAHN, MARTIN D., Associate Judge, concur.