826 So.2d 513 (2002)
Ruth SILVERS, Appellant,
v.
WAL-MART STORES, INC., Appellee.
No. 4D01-4736.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
*514 J. Scott Dunn of Sawgrass Legal Center, P.A., Tamarac, for appellant.
Manuel R. Comras and James Mayfield of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, for appellee.
KLEIN, J.
Appellant was the plaintiff in this slip and fall case and appeals a directed verdict. We conclude that she established a prima facie case of negligence and reverse.
According to plaintiff it was raining on the day she went into Wal-Mart and, on her way toward the carts, she slipped and fell. She testified that there was water on the floor and that the shopping carts were dripping wet. As part of her case she introduced an answer to an interrogatory in which Wal-Mart stated that maintenance personnel were mopping the floor at the time of the incident and had placed cones in the area.
At the conclusion of plaintiff's case, the trial court ruled that the answer to the interrogatory was not admissible as substantive evidence and directed a verdict in favor of the defendant on the ground that there was no evidence as to how long the water had been on the floor or that it was known to the defendant.
The trial court erred in refusing to consider the answer to the interrogatory as substantive evidence. Alexander v. Alterman Transp. Lines, Inc., 387 So.2d 422 (Fla. 1st DCA 1980); Fla. R.Civ. P. 1.340(b). The answer demonstrated that the store had knowledge of the dangerous condition, and accordingly the trial court erred in directing a verdict.
Our conclusion that plaintiff presented a prima facie case is not grounded on Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001), because Owens was not retroactive as to cases tried before the decision. Id. at 331. Our reversal, however, places this case into the category of cases in which trial has not yet begun, to which Owens applies. Id. at 331. Owens, however, may have been abrogated to some extent by section 768.0710, Florida Statutes (2002).[1]
Appellant also raises the issue of whether the trial court erred in not admitting a statement of a bystander as an excited utterance. We find no error as to that ruling.
Reversed.
SHAHOOD, J., and DELL, JOHN W., Senior Judge, concur.
NOTES
[1] We are not deciding if section 768.0710, in which the Legislature addressed the burden of proof in slip and fall cases, in response to Owens, can be applied retroactively to this accident. The statute provides that it applies to all pending cases; however, it may not be that simple. As our supreme court explained in State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995):

The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively. Even when the Legislature does expressly state that a statute is to have retroactive application, this Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties. [citations omitted.]