839 So.2d 835 (2003)
Daisy ZIMMERMAN, Appellant,
v.
ECKERD CORPORATION, etc., Appellee.
No. 3D02-1071.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Dunn, Johnson, Dunn & Rose and Neil Rose, Hollywood; J.H. Zidell, Aventura, for appellant.
Groves and Verona and Russell Verona, for appellee.
Before SCHWARTZ, C.J., and LEVY and WELLS, JJ.
*836 SCHWARTZ, Chief Judge.
The appellant fell on a wet spot in an Eckerd store. There was no evidence whatever as to the nature of the liquid, where it came from, or, much less, how long whatever it was had been there. Indeed, the only specific information about any legally relevant circumstance was the unimpeached testimony of an Eckerd manager that the floor was inspected and maintained "every five to ten minutes" before the accident. On this record, the trial court granted summary judgment for Eckerd and the plaintiff appeals.
Although we are inclined to so rule, see Bien-Aime v. Miami-Dade County, 816 So.2d 1176 (Fla. 3d DCA 2002), we need not decide whether section 768.0710, Florida Statutes (2002),[1] which in large part overruled Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001), is retroactively applicable. See Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256 (Fla.2002); Silvers v. Wal-Mart Stores, Inc., 826 So.2d 513 (Fla. 4th DCA 2002). This is because the evidence of Eckerd's maintenance of the premises operated both conclusively to rebut any Owens presumption of its negligence and affirmatively demonstrated the absence of its liability under section 768.0710(2)(b). In either case, summary judgment was properly entered.
Affirmed.
NOTES
[1] 768.0710 Burden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises. 

(1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
(2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
(a) The person or entity in possession or control of the business premises owed a duty to the claimant;
(b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
(c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.