SHAHOOD, J.
The sole issue presented in this appeal is whether the trial court improperly provided the jury with instructions which were confusing, misleading, and inaccurate, thereby resulting in prejudice to appellants. We agree with appellants and reverse and remand for a new trial.
Appellants, Armen and Diana Melkoni-an, filed a negligence action against the Broward County Board of County Commissioners for damages resulting from injuries sustained in a slip and fall by Mr. Melkonian at the North Regional Broward County Courthouse on November 15, 1996. Appellants alleged that while on his way to the Department of Motor Vehicles at the courthouse, Melkonian slipped and fell on water which had accumulated on the tile floor near the entrance way.
During appellants’ case, counsel raised an issue as to the appropriateness of the jury instructions in light of the recent decision in Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001), released shortly before trial.[1]
Prior to Owens, Florida courts required that in slip-and-fall cases concerning a transitory foreign substance, the injured person had to prove that the premises owner had actual or constructive knowledge of the dangerous condition in that the condition existed for such a length of time that in the exercise of ordinary care, the premises owner should have known of it and taken action to remedy it. See id. at 320.
In Owens, the Florida Supreme Court reexamined that practice and decided to eliminate the plaintiffs burden to prove that the business owner had actual or constructive notice of the substance. The court, in its opening paragraph, held that “[f]or the reasons that follow, we hold that where a plaintiff slips and falls on a transitory foreign substance in a defendant’s business premises, once the plaintiff establishes' that he or she fell as a result of that transitory foreign substance, the burden shifts to the defendant to produce evidence that it exercised reasonable care under the circumstances.” Id. at 317. In a footnote, *787 the court defined “transitory foreign substance” as follows: “we refer generally to any liquid or solid substance, item or object located where it does not belong.” Id. at 317 n. 1.
Following an in-depth analysis regarding slip-and-fall cases involving transitory foreign substances, the Owens court presented its full holding:
Accordingly, we adopt the following holding to be applied to slip-and-fall cases in business premises involving transitory foreign substances. We hold that the existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured is not a safe condition and the existence of that unsafe condition creates a rebut-table presumption that the premises owner did not maintain the premises in a reasonably safe condition.
Thus, once the plaintiff establishes that he or she fell as a result of a transitory foreign substance, a rebutta-ble presumption of negligence arises. At that point, the burden shifts to the defendant to show by the greater weight of the evidence that it exercised reasonable care in the maintenance of the premises under the circumstances.
802 So.2d at 331.
The trial court stated that in its opinion, Owens dealt “with foreign substances that have been on the floor; you know, bananas, banana peels, lettuce leaves. Rainwater is not a foreign substance, the ilk of which they’re discussing, natural rain water is not the kind of cases they’re talking about.” Appellants’ counsel pointed out the Owens court’s footnote defining foreign transitory substances, but the trial court would not retract its opinion.
The trial court stated that it would give an instruction “parallel” to the abbreviated holding at the beginning of the Owens decision but declined to consider the elaborated holding at the close of the decision.
At the close of appellants’ case, both appellants and the County presented special instructions and objected when the trial court indicated that although it did not believe that an Owens instruction was appropriate, it was going to follow the holding at the beginning of the Owens decision. The court chose to write out the instruction as follows:
All right, here’s the instructions I’m going to give: If the plaintiff proves from the greater weight of the evidence that he slipped and/or fell as a result of the transitory foreign substance while in or around the defendant’s premises, then the testimony [sic] must produce evidence that it exercised reasonable care under the circumstances, translating the word establishes in the holding in this opinion to mean prove by the greater weight of the evidence.
That’s the most reasonable interpretation I can give it. So and I will slip that in.
Both parties objected to this instruction.
Appellants’ counsel then inquired whether, in light of the special instruction, standard jury instruction 3.5 was necessary. The court disagreed with appellants’ counsel’s argument that Owens removed the burden of a plaintiff to show that a defendant knew or should have known of the condition, and had established constructive knowledge of its existence. Appellants objected to the inclusion of jury instruction 3.5.
Standard jury instruction 3.5(f) provided as follows:
The issues for your determination on the claim of ARMEN MELKONIAN and DIANA MELKONIAN is whether BROWARD COUNTY negligently failed to maintain its premises in a reasonably *788 safe condition, or negligently failed to correct a dangerous condition of which BROWARD COUNTY either knew or should have known by the use of reasonable care, or negligently failed to warn ARMEN MELKONIAN of a dangerous condition concerning which BROWARD had, or should have had, knowledge greater than that of ARMEN MELKO-NIAN, and whether or not the negligence of the Defendant was the legal cause of any loss, injury or damage to either or both of the Plaintiffs.
As a result, the court instructed the jury with a “parallel” Owens instruction and a paraphrased standard jury instruction 3.5(f), which stated in relevant part, as follows:
Now the issues for your determination in this case on the claim of the plaintiffs is whether or not Broward County was negligent. Now on the premises liabilities causes there is three different ways you can be negligent under the law. So the claim of plaintiffs is that they were negligent and they either negligently failed to maintain the premises in a reasonably safe condition or negligently failed to correct a dangerous condition of which Broward County either knew or should have known by the use of reasonable care or negligently failed to warn the plaintiff of a dangerous condition which Broward County knew or should have had knowledge of greater than the defendant.
Everybody understand what I mean? The claim is they were negligent. There is three possible ways to be negligent, failure to maintain, failure to correct and failure to warn. And the other issues are explained on the first question of the verdict form. If you find Bro-ward County was negligent, then you decide whether or not their negligence was the legal cause of any loss, injury, damage by the plaintiffs.
[[Image here]]
Also under our law if the plaintiff proves by the greater weight of the evidence that he slipped and/or fell as a result of a transitory foreign substance while in or on the defendant premises, then the defendant must show by the greater weight of the evidence that it exercised reasonable care under the circumstances in the maintenance of the premises.
After a two-day trial, the jury returned a verdict of no negligence on the part of Broward County. Appellants moved for a new trial claiming that the trial court erred in refusing to instruct the jury with their requested special instruction which conformed to the recent Florida Supreme Court decision in Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001), and instead used a modified instruction which did not conform to the holding in Owens. Further, appellants claimed that despite their objection, the court’s inclusion of standard jury instruction 3.5(f), in light of Owens, was confusing to the jurors as to which standard they should apply. The trial court denied the motion for new trial.
Following the issuance of the Owens decision and during the pendency of this appeal, the Florida Legislature, in response to Owens ’ discussion regarding the burden of proof in slip-and-fall cases, enacted section 768.0710, Florida Statutes (2002), effective May 30, 2002. See Ch.2002-285, § 2, Laws of Fla. The Legislature specifically stated that the act shall take effect May 30, 2002 and shall apply to all causes of action pending on or after that date. See id. As a result, Owens, may have been abrogated to some extent by section 768.0710.
On appeal, appellants argue that the above instructions were confusing, mis *789 leading and inaccurate, resulting in prejudice to appellants. Further, they claim that the instructions given by the trial court were neither in accordance with Owens nor with the subsequently enacted, but applicable, section 768.0710.[2] We agree with appellant’s position that the instructions given were not in accordance with Owens and were confusing, misleading and inaccurate.
It is quite clear that the instructions given in this case to the jury not only failed to conform to the holding set forth in Owens, but also created confusion with the inclusion of instruction 3.5(f) coupled with the court’s own version of an Owens instruction. Accordingly, a new trial is warranted.
REVERSED AND REMANDED FOR A NEW TRIAL.
TAYLOR, J., and FLEET, J. LEONARD, Associate Judge, concur.

. Owens was issued on November 15, 2001 and trial took place December 3 and 4, 2001.

. We decline to address the applicability of the recent enacted section 768.0710. As we held in Silvers v. Wal-Mart Stores, Inc., 826 So.2d 513, 514 n. 1 (Fla. 4th DCA 2002),
We are not deciding if section 768.0710, in which the Legislature addressed the burden of proof in slip and fall cases, in response to Owens, can be applied retroactively to this accident. The statute provides that it applies to all pending cases; however, it may not be that simple. As our supreme court explained in State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995):
The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively. Even when the Legislature does expressly state that a statute is to have retroactive application, the Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties, [citations omitted.]