STONE, J.
Gerard was injured in a slip and fall in an Eckerd drugstore. The trial court granted summary judgment in favor of Eckerd. We reverse.
The record reflects that Gerard was in the detergent aisle when she slipped on a clear liquid in the aisle. The liquid extended approximately two feet out from the shelves. The liquid could have come from detergent found in containers on the shelves. Assistant store manager Bruce McKenzie testified in his deposition that approximately ten minutes prior to the accident, he had been helping a customer *437 locate and remove a product from a shelf in that aisle. At the time, McKenzie looked up and down the aisle, and the floor appeared clean and dry. He stated that company policy provides that when employees are in an aisle for any reason, they are to inspect the aisle for hazardous conditions. The record shows that there was no provision for a maintenance log and there was no other store floor inspection policy. Following the accident, McKenzie directed an employee to clean up. the area and filled out an accident report.
Section 768.0710, Florida Statutes, addresses transitory foreign objects or substances on business premises. The statute provides:
(1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
(2) In any civil action for negligence involving loss, injury, or damage by a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
(a) The person or entity in possession or control of the business premises owed a duty to the claimant;
(b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode-of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
(c)The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.
The trial court’s ruling was based on the Third District’s holding in Zimmerman v. Eckerd Corporation, 839 So.2d 835 (Fla. 3d DCA 2003). In Zimmerman, the court concluded that summary judgment must be granted in favor of the business defendant in a slip and fall case where there is unimpeached testimony of a store manager that regular inspections are conducted of the floors. In Zimmerman, as here, the plaintiff fell on a wet spot in an Eckerd drugstore. There, the manager testified that the floor was inspected “every five to ten minutes.” Id. The district court affirmed a summary judgment because “the evidence of Eckerd’s maintenance of the premises operated ... conclusively to rebut ... liability under section 768.0710(2)(b).” Id. We distinguish Zimmerman, as in that case, there was a policy requirement of regular and frequent floor inspections that were followed.
We conclude that, in this case, there are issues of fact as to whether the inspection, and inspection policy, were reasonable. Here, there is no evidence that written and reasonably frequent inspection procedures were in place or followed.
It is undisputed that this accident was subsequent to the effective date of section 768.0710(2), placing the burden of proof on the plaintiff. We do not, however, read that statute as creating a “per se” rule entitling a defendant to summary judgment simply because a store employee testifies that he was in the aisle and looked at the floor. This is particularly of concern where the “inspection” may be perceived as conveniently fortuitous. Therefore, we *438 reverse the summary final judgment and remand for trial.
BRYAN, BEN L., Associate Judge, concurs.
WARNER, J., dissents with opinion.