RAMIREZ, J.
 

 Luis 0. Diaz appeals the trial court’s final judgment and “Order Denying Motion for Rehearing on Dismissal of Joint Employment Claim Against Impex of Doral Logistics, Inc.” Impex of Doral, Inc. cross-appeals the same final judgment. We reverse the final judgment, finding that the trial court erred in not allowing the “single employer” and “joint employer” issue to go to the jury, and affirm on all issues raised in the cross-appeal, finding them to be meritless.
 

 The leased employee, Luis 0. Diaz, filed a complaint for damages against both Im-pex of Doral, Inc. (Impex) and Impex of Doral Logistics, Inc. (Impex Logistics) for the violation of Florida’s Whistle Blower Act, section 448.102, Florida Statutes, et seq. (2002). Impex and Impex Logistics were corporate clients of the employee leasing company, ADP Total Source, pursuant to a formal employee leasing agreement. Diaz did not sue ADP.
 

 In the complaint, Diaz claimed that the forklift he was operating, which was owned by Impex Logistics, was unsafe and improperly maintained, in violation of the Occupational Safety and Health Administration’s (“OSHA”) regulations. He alleges that when he complained about the safety of the forklift, Impex unlawfully retaliated by terminating his employment. Oscar Perez, the manager of both Impex and Impex Logistics, fired Diaz. The action proceeded to a jury trial.
 

 At trial, the record indicates that the parties presented the following evidence: 1) Diaz testified that he worked for Impex Logistics but received a paycheck from Impex and was fired for failing to do work for Impex; 2) Enrique Larach testified that he was president for both Impex and Impex Logistics when Diaz was fired in March 2002; 3) according to Larach, Carmen Kattan (Laraeh’s first cousin) was Impex Logistics’ corporate secretary, and Oscar Perez was the manager for both companies; Diaz testified that his supeiwi-sors at his job site were Carmen Kattan and Oscar Perez; 4) Oscar Perez testified that he was the manager for Impex and Impex Logistics, and that he believed they were one company; 5) Larach testified that human resources and accounts payable for both Impex and Impex Logistics were handled by the same person; and 6) Larach testified that the employees for both Impex and Impex Logistics were really the employees of a third company, ADP, and that ADP handled payroll for both companies. At the conclusion of the presentation of the evidence, Impex Logistics made an ore tenus motion for directed verdict against Diaz and asserted that Im-pex Logistics did not have the required number of employees to make it liable as an “employer” under the Whistle Blower Act.
 

 Diaz’s attorney did not dispute that Im-pex Logistics, by itself, did not have the requisite number of employees to make it a covered employer under the Whistle
 
 *593
 
 Blower Act, which requires that an employer employ ten or more persons.
 
 See
 
 § 448.101(3), Fla. Stat. (2002). However, he argued that the jury could find that Impex and Impex Logistics were either a “single employer” or a “joint employer” of Diaz, and thus the motion for directed verdict should be denied.
 

 The trial court granted the motion for directed verdict and dismissed Impex Logistics from the case. The case was submitted to the jury, and the jury returned a verdict in Diaz’s favor, awarding him $24,808 against Impex only.
 

 Diaz then filed a motion for rehearing and again argued to the trial court that the jury could find that Impex and Impex Logistics were either a “single employer” or a “joint employer” of Diaz and that the motion for directed verdict should have been denied. The court rendered its final judgment and denied Diaz’s motion for rehearing. Diaz then filed this appeal, and Impex filed a cross-appeal.
 

 Diaz now contends that the trial court erred in granting Impex Logistics’ motion for directed verdict and dismissing it from this action, rather than allowing the jury to determine whether this party was liable under the “joint employer” or “single employer” doctrine. We agree.
 

 Diaz asserts that the trial court erred in granting a directed verdict to Impex Logistics because it failed to follow this Court’s decision in
 
 Martinolich v. Golden Leaf Management, Inc.,
 
 786 So.2d 613 (Fla. 3d DCA 2001), which found that the federal “single employer” and “joint employer” doctrines are applicable to Whistle Blower actions brought under Florida state law. Thus, Diaz argues, the trial court erred in not allowing the jury to make this determination.
 

 The standard of review of a trial court’s ruling on a motion for directed verdict is de novo.
 
 Borda v. E. Coast Entm’t, Inc.,
 
 950 So.2d 488, 490 (Fla. 4th DCA 2007). In considering a motion for directed verdict, the trial court is required to give the benefit of all reasonable inferences to the nonmoving party and in favor of submitting the question to the jury.
 
 Martinolich,
 
 786 So.2d at 614-15.
 

 Here, the trial court erred in granting Impex Logistics’ motion for directed verdict and in not allowing the jury to decide whether Impex and Impex Logistics were both liable under the “joint employer” or “single employer” theories. In
 
 Martinolich,
 
 this Court considered the same issue as in this case, whether a trial court erred in granting a directed verdict in a Florida law Whistle Blower Act case. Martinolich, the employee, sued for wrongful discharge against a nursing home and its management company as joint employers.
 
 Id.
 
 at 614. At the close of the employee’s case, the management company moved for a directed verdict on the issue of whether it was the employee’s joint employer.
 
 Id.
 
 The trial court granted the motion, and the management company was dismissed from the case.
 
 Id.
 
 The jury later found that the nursing home had wrongfully discharged the employee in retaliation for exercising his rights under Florida’s Workers’ Compensation Law and in violation of the Whistle Blower Act.
 
 Id.
 

 Similar to the case before us, the trial court in
 
 Martinolich
 
 did not allow the “single employer” or “joint employer” issue to go to the jury. However, in
 
 Marti-nolich,
 
 we stated that it was proper to look to the decisions of Federal courts in deciding whether separate but related entities should be aggregated for purposes of employment and labor statutes.
 
 Id.
 
 at 615. We stated, “Federal courts have developed several tests for determining when separate, but related entities should be aggregated for purposes of employment and la
 
 *594
 
 bor statutes.”
 
 Id.
 
 We further noted that these cases have given a liberal construction to the term “employer.”
 
 Id.
 
 We then explained that “[i]n keeping with this liberal construction, we sometimes look beyond the nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise.”
 
 Id.
 

 In the case before us, the record reflects that Diaz presented sufficient evidence to submit to the jury the issue of whether Impex Logistics was Diaz’s “joint employer” or his “single employer.” Nevertheless, the trial court did not rule on the sufficiency of the evidence because it found that the “joint employer” and “single employer” tests were inapplicable. Instead, the trial court granted the motion for directed verdict because Impex Logistics had less than ten employees. However, there was sufficient evidence for the “single employer” and “joint employer” issue to be decided by the jury. Consequently, the trial court erred in granting Impex Logistics’ motion for directed verdict.
 

 Diaz does not contend in his appeal that the amount awarded in the case was improper or that the evidence presented as to the amount of damages would have been different had the directed verdict against Impex Logistics not been entered. As such, we reverse and remand for a new trial solely on the issue of whether Impex Logistics was Diaz’s employer under either the “joint employer” or “single employer” doctrine. If the jury determines that Im-pex Logistics was Diaz’s employer, then the trial court is to enter an amended final judgment holding Impex and Impex Logistics jointly and severally liable for the amount of damages awarded.
 

 Turning to Impex’s cross-appeal, it first argues that an employee leasing company is an indispensable party to an action under the Whistle Blower Act and that since ADP, the employee leasing company, was not joined here, the final judgment must be reversed. We find no merit to this argument. Impex has not cited to this Court, nor can this Court find, any case law supporting this position. Generally, an indispensable party is one whose interest in the controversy makes it impossible to completely adjudicate the matter without affecting either that party’s interests or the interests of another party in the action.
 
 Fla. Dep’t of Revenue v. Cummings,
 
 930 So.2d 604, 607 (Fla.2006);
 
 Hertz Corp. v. Piccolo,
 
 453 So.2d 12, 14 n. 3 (Fla.1984). Impex has cited no support to explain why ADP would be indispensable in this action, such that “no final decision can be rendered without their joinder.”
 
 Hertz,
 
 453 So.2d at 14.
 

 Here, the cause of action is for damages because the defendants took “retaliatory personnel action,” as defined in section 448.101(5), Florida Statutes (2002), against Diaz. Under Florida law, it is not necessary to join all persons potentially liable for damages for an action to proceed.
 
 See Gonzalez v. MI Temps of Fla. Corp.,
 
 664 So.2d 17, 18 (Fla. 4th DCA 1995);
 
 W.R. Cooper, Inc. v. City of Miami Beach,
 
 512 So.2d 324, 326 (Fla. 3d DCA 1987).
 

 Impex further claims on cross appeal that the Whistle Blower Act cannot be based on a violation of a regulation of the federal OSHA. We disagree. Under the Whistle Blower Act, the employer may not take retaliatory action against an employee because the employee, “[ojbjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.” § 448.102(3). Section 448.101(4) defines “law, rule or regulation” as, “including] any statute or ordinance or any rule or regulation adopted pursuant to any feder
 
 *595
 
 al, state, or local statute or ordinance applicable to the employer and pertaining to the business.” Consequently, an OSHA rule is covered by this statutory definition. Moreover, the Florida Supreme Court ruled in
 
 Golf Channel v. Jenkins,
 
 752 So.2d 561, 566 (Fla.2000), that the Whistle Blower Act is a remedial statute which should be liberally construed in favor of granting access to the remedy provided by the Legislature.
 
 See Bell v. Ga.-Pac. Corp.,
 
 390 F.Supp.2d 1182 (M.D.Fla.2005).
 
 [1]
 

 Impex next asserts on cross-appeal that the trial court erred in allowing Diaz to introduce depositions and answers to interrogatories as substantive evidence. This argument is misplaced. First, under Florida law, a party’s answers to interrogatories may be used as substantive evidence at trial.
 
 See Silvers v. Wal-Mart Stores, Inc.,
 
 826 So.2d 513 (Fla. 4th DCA 2002);
 
 Woodworth v. Woodworth,
 
 385 So.2d 1024 (Fla. 4th DCA 1980). Florida law also provides for the use of the deposition of the opposing party as substantive evidence at trial.
 
 Canales v. Compania de Vapores Realma, S.A.,
 
 564 So.2d 1212, 1214 (Fla. 3d DCA 1990). The fact that the deponent was available is irrelevant regarding whether the deposition may be used at trial.
 

 Finally, Impex asserts on cross-appeal that the verdict was not supported by the evidence indicating that the “employer” had notice of the conditions objected to by Diaz. The record does not support this position because the transcript reflects that Diaz himself testified that he gave such notice. Accordingly, with respect to all the issues on cross-appeal, we affirm in all respects.
 

 In sum, we reverse the trial court’s final judgment and remand to the trial court for a new trial solely on the issue of whether Impex Logistics is liable to Diaz under the “single employer” or “joint employer” doctrines. With respect to the cross-appeal, we affirm in all respects.
 

 Reversed in part, affirmed in part, and remanded with instructions.
 

 [1]
 

 . Impex further claims that Diaz has not complied with the statutory notice requirements of the Whistle Blower Act. The written notice requirements of this statute only apply to subsection 1, and Diaz’s action was brought under subsection 3. Thus, the written notice requirements are inapplicable.
 
 See
 
 § 448.102;
 
 Golf Channel,
 
 752 So.2d at 565.