# Third District Court of Appeal

Opinion filed January 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-298
Lower Tribunal No. 11-42771
_____

## Publicidad Vepaco, C.A., and LaTele Television, C.A.,
Appellants,

vs.

## Nelson Mezerhane and Rogelio Trujillo,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Holland & Knight LLP, and Rodolfo Sorondo, Jr. and Rebecca M. Plasencia, for appellants.

Tew Cardenas LLP, and Joseph A. DeMaria and Lorayne Perez, for appellee Nelson Mezerhane; Henry P. Bell, P.A., and Henry P. Bell, for appellee Rogelio Trujillo.

Before SHEPHERD, C.J., and ROTHENBERG and EMAS, JJ.

ROTHENBERG, J.

Publicidad Vepaco, C.A. and LaTele Television, C.A. (collectively, "the Plaintiffs") appeal the trial court's final order dismissing their action against Nelson Mezerhane ("Mezerhane") and Rogelio Trujillo ("Trujillo") (collectively, "the Defendants") on forum non conveniens grounds and for failure to join indispensable parties. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs, two Venezuelan corporations, filed the instant action in Florida against the Defendants, who both reside in Florida, alleging that the Defendants stole and converted approximately $72 million in United States Treasury Bills ("T-bills") belonging to the Plaintiffs through an orchestrated and massive fraudulent banking scheme involving a Venezuelan bank, Banco Federal, C.A. ("Banco Federal). The complaint further alleges that Mezerhane was the owner of Banco Federal; Trujillo was Banco Federal's Chief Executive Officer; and the Defendants orchestrated and carried out the banking scheme in Venezuela, and thereafter the stolen T-bills temporarily passed through three entities located in Curaçao ("the Curaçaoan entities").

The record reflects that prior to being criminally charged in Venezuela for their involvement in this alleged banking scheme, the Defendants fled Venezuela. The Venezuelan government has since taken over Banco Federal and has filed criminal charges against the Defendants for their alleged involvement in the

2

banking scheme. Mezerhane and Trujillo have resided in Florida since 2010; Mezerhane is seeking political asylum in the United States; and Mezerhane has filed a federal lawsuit in Miami against the Venezuelan government.

A few months before filing the Florida action, the Plaintiffs commenced two actions in Curaçao. The Plaintiffs filed an attachment proceeding against the Curaçaoan entities and their directors. However, after the Plaintiffs discovered that the T-bills were not in Curaçao, they filed a petition against the Curaçaoan entities and their directors, asserting they acted in concert with the Defendants to steal the $72 million in T-bills.

While the Curaçaoan petition was pending, the Defendants filed motions to dismiss the Florida action based on the Plaintiffs' failure to join indispensable parties (the Curaçaoan entities) and on forum non conveniens grounds. In support of the motion to dismiss for forum non conveniens, Mezerhane filed a declaration from the attorney representing the Curaçaoan entities asserting that the claims pending in Curaçao were duplicative of the claims filed in Florida, the Defendants could be added to the petition filed in Curaçao, and the Plaintiffs have an available remedy in Curaçao. A few weeks later, the Plaintiffs voluntarily dismissed their Curaçaoan petition without prejudice.

Following a hearing on the motions to dismiss, the trial court entered an order dismissing the Florida action based on both forum non conveniens grounds

and for failure to join indispensable parties.  The Plaintiffs' appeal followed.

## ANALYSIS

### I.  Failure to Join Indispensable Parties

The trial court erred by dismissing the Plaintiffs' action for failure to join the Curaçaoan entities.  "'An indispensable party is one whose legal or beneficial interest in the subject matter makes it impossible to completely adjudicate the matter without affecting that party's interest.'" Carbon Capital II v. Estate of Tutt, 107 So. 3d 1239, 1245 (Fla. 3d DCA 2013) (quoting Santiago v. Sunset Cove Invs., Inc., 988 So. 2d 10, 14 (Fla. 2d DCA 2008)); see also Fla. Dep't of Revenue v. Cummings, 930 So. 2d 604, 607 (Fla. 2006); Diaz v. Impex of Doral, Inc., 7 So. 3d 591, 594 (Fla. 3d DCA 2009).

The Defendants have not demonstrated that the Curaçaoan entities would be indispensable in this action such that "no final decision can be rendered without their joinder." Hertz Corp. v. Piccolo, 453 So. 2d 12, 14 n.3 (Fla. 1984).  Although the Curaçaoan entities may be potentially liable, "[u]nder Florida law, it is not necessary to join all persons [or entities] potentially liable for damages for an action to proceed." Diaz, 7 So. 3d at 594.  Accordingly, we reverse the portion of the trial court's order dismissing the Plaintiffs' action for failure to join indispensable parties.

### II.  Forum Non Conveniens

4

When the trial court granted the Defendants' motion to dismiss based on the doctrine of forum non conveniens, Kinney System, Inc. v. Continental Insurance Co., 674 So. 2d 86 (Fla. 1996), was the Florida Supreme Court's "most recent detailed explication of the forum non conveniens doctrine in Florida." Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1091 (Fla. 2013). In Kinney, the Florida Supreme Court adopted the four-step federal standard to address forum non conveniens challenges. Kinney, 674 So. 2d at 90 (quoting Pain v. United Techs. Corp., 637 F.2d 775, 784-85 (D.C. Cir. 1980)). This four-step test was later codified in Florida Rule of Civil Procedure 1.061(a), which provides as follows:

> **(a) Grounds for Dismissal.** An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
> (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
> (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
> (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
> (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
>
> The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.

After the trial court issued its order granting the Defendants' motion to dismiss, the Florida Supreme Court issued Cortez, which further clarified the

5

application of the <u>Kinney</u> analysis.  We now address each of the <u>Kinney</u> factors pursuant to <u>Cortez</u>.

## A.  Availability of an Adequate Alternative Forum

The first of the four factors is the availability of an adequate alternative forum.  As explained in <u>Cortez</u>, "[t]his factor encompasses two separate considerations:  availability and adequacy."  <u>Cortez</u>, 123 So. 3d at 1091.

As the Florida Supreme Court recognized in <u>Cortez</u>, "'the ability to perfect service of process' in th[e] alternative forum is the key to the availability inquiry."  <u>Id.</u> at 1092 (quoting <u>Kinney</u>, 674 So. 2d at 90).  Here, the Defendants have agreed to accept service of process in Curaçao through counsel,[1] and therefore, Curaçao is an available forum.

As to adequacy, dismissal is not appropriate "where the alternative forum

---

[1] A defendant need not physically appear in the alternate forum in order to satisfy this factor, so long as he is amenable to accepting service of process in that forum. <u>See</u> <u>Ciba-Geigy Ltd. v. Fish Peddler, Inc.</u>, 691 So. 2d 1111, 1115 (Fla. 4th DCA 1997); <u>see also</u> <u>Banco Latino v. Gomez Lopez</u>, 17 F. Supp. 2d 1327, 1333 (S.D. Fla. 1998) (conditioning the dismissal on forum non conveniens grounds on the defendants' submission to the jurisdiction of the alternate forum and designation of a representative in that forum to accept service of process on their behalf).  In this case, the Defendants' expert, Eric DeVries, opined that Curaçao law does not require a party's physical presence in Curaçao in order to accept service of process and to submit to the jurisdiction of Curaçao; rather, a representative may be designated on behalf of the party for such purposes.  The Plaintiffs' expert did not contest this assertion.  However, as we will discuss later, while a stipulation to accept substitute service may be sufficient to render an alternative forum "available," it does not necessarily mean that the forum will be convenient for the parties.

6

does not permit litigation of the subject matter of the dispute." Kinney, 674 So. 2d at 90 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981)). In addressing adequacy, the trial court below stated:

> This Court has reviewed the opinions and citations to Curaçao law and **is not persuaded that a Curaçaoan court would reject jurisdiction over the Defendants**. However, should the Curaçaoan courts refuse to accept jurisdiction over this case, despite **Plaintiffs' earnest efforts**, and once that decision is final and no longer appealable in Curaçao, **Plaintiffs shall have leave to seek reinstatement** of this action before this Court.

(emphasis added).

The burden of proof of each element in the forum non conveniens analysis is on the Defendants. Telemundo Network Grp., LLC v. Azteca Int'l Corp., 957 So. 2d 705, 709 (Fla. 3d DCA 2007). Here, by noting that it "is not persuaded that a Curaçaoan court would reject jurisdiction over the Defendants," the trial court erroneously shifted the burden of proof regarding the viability of the alternative forum to the Plaintiffs. Rather than requiring the Defendants to prove that a Curaçaoan court would accept jurisdiction, the trial court improperly placed the burden on the Plaintiffs to disprove that a "Curaçaoan court would reject jurisdiction over the Defendants."

As to jurisdiction in Curaçao, the parties agree that Curaçao has jurisdiction over the action only if a harmful event occurred in Curaçao. The Defendants' expert opined below that the alleged "harmful events" occurred in Curaçao, and

7

therefore, Curaçao would have jurisdiction. However, based on the record, it appears that the "harmful events" occurred in Venezuela, not Curaçao, as the Plaintiffs have alleged that the T-bills were misappropriated in Venezuela and merely temporarily diverted to Curaçao. Thus, it is uncertain whether the courts in the alternative forum (Curaçao) will have subject matter jurisdiction over the litigation.

What is **not** disputed is that the Plaintiffs will necessarily be forced to litigate Curaçao's subject matter jurisdiction prior to litigating their substantive claims if the Plaintiffs are forced to file their lawsuit in Curaçao, where neither the Plaintiffs conduct business nor the Defendants reside, and where the Defendants will only agree to appear through their counsel. In Cortez, the Florida Supreme Court held that "the trial judge must . . . ensure that plaintiffs **can** reinstate their suit in the alternative forum without undue inconvenience or prejudice," not grant a forum non conveniens motion where the adequacy of the alternative forum is uncertain. 123 So. 3d at 1091 (emphasis added) (quoting Kinney, 674 So. 2d at 90).

B. Private Interest Factors

Assuming that the Defendants demonstrated that Curaçao is an adequate alternative forum, the trial court was then required to weigh the private interest factors. Cortez, 123 So. 3d at 1092. "An examination of private interests,

8

although a term of expansive scope, essentially focuses on four concerns: [1] access to evidence, [2] access to witnesses, [3] enforcement of judgments, and [4] the practicalities and expenses associated with the lawsuit." Cortez, 123 So. 3d at 1092 (citing Kinney, 674 So. 2d at 91).

Prior to addressing the four concerns involved in the analysis of the private interest factors, it is necessary to address the presumption in favor of a plaintiff's choice of forum. See Cortez, 123 So. 3d at 1092 (holding that the "[k]ey to th[e] [private interest] prong of the forum non conveniens inquiry, . . . is that 'the reviewing court **always** should remember that a strong presumption favors the plaintiff's choice of forum.'" (quoting Kinney, 674 So. 2d at 91)). The presumption in favor of a plaintiff's choice of forum "'can be defeated **only** if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption.'" Id. (quoting Kinney, 674 So. 2d at 91). As recently explained in Cortez:

> [I]t is axiomatic that the plaintiff has the right to choose the forum. While the doctrine of forum non conveniens is designed to prevent an abuse of that right when it would cause a material injustice to the defendant, **it certainly is not designed to empower defendants to disadvantage plaintiffs by engaging in reverse forum-shopping where, as in a scenario like the one presented in this case, litigating in Florida would not cause a substantial burden to the defendant**.

Id. at 1094 (emphasis added).

In addressing out-of-state plaintiffs, the Florida Supreme Court held in Cortez: "[W]e now emphasize, in another case involving a non-Florida plaintiff, that except where the plaintiff is from another country, the presumption in favor of the plaintiff's initial choice of forum is always entitled to great deference." Cortez, 123 So. 3d at 1096. However, because Cortez did not involve a foreign plaintiff, as in the instant case, but rather a plaintiff from another state, the Florida Supreme Court did not specifically address what deference, if any, is to be afforded to a foreign plaintiff. Nonetheless, there is no indication in Cortez that a foreign plaintiff's choice of forum, although not entitled to great deference, is not entitled to **some deference**.

In the instant case, when addressing the Plaintiffs' choice of forum, the trial court stated that because the Plaintiffs are Venezuelan corporations, it "does not accord any special weight to their choice of forum," thereby indicating that it gave no weight to the Plaintiffs' choice of forum. However, it does not matter whether or not the trial court erred by failing to accord any deference or weight to these foreign Plaintiffs' choice of forum in this case, because the private interests factors weigh heavily in maintaining the action in Florida regardless of whether "some deference" or absolutely no deference is afforded these foreign Plaintiffs' choice of forum.

*1. Access to witnesses*

In addressing the access to witnesses, the trial court noted that the witnesses are located either in Venezuela, Curaçao, or Florida, and thus, some witnesses will have to travel regardless of where the litigation is conducted. The trial court therefore concluded that "with regards to adequate access to witnesses, neither Florida nor Curaçao provides a clear advantage to either party." This finding is unsupported by the record.

The record before this Court reflects that only three of the twenty-three listed witnesses are believed to be located in Curaçao: the directors of the three Curaçaoan entities. A majority of the witnesses, including key witnesses such as the Defendants themselves and the former directors or high-level employees of Banco Federal, either live in Florida, split time between Venezuela and Miami, or are willing to travel to Florida for the litigation. Although the trial court basically concluded that access to witnesses was at or near equipoise,[2] the record clearly reflects that there would be greater access to witnesses, especially key witnesses, if the action is litigated in Florida, not Curaçao.

2. *Access to Evidence*

The trial court found that the parties will have equal access to evidence in

_____

[2] At or near equipoise means that "the advantages and disadvantages of the alternative forum will not significantly undermine or favor the 'private interests' of any particular party, as compared with the forum in which suit was filed." Cortez, 123 So. 3d at 1093 (internal quotation marks omitted) (quoting Kinney, 674 So. 2d at 91).

11

Curaçao and Florida because most of the relevant evidence is located in Venezuela, and therefore, regardless of where the litigation is conducted the documents would have to be translated. As the trial court recognized, documents can be easily transmitted by electronic means, and therefore, the location of the documents is a "minor consideration." See Inverpan, S.A. v. Britten, 646 F. Supp. 2d 1354, 1358 (S.D. Fla. 2009) ("[T]he ease of document transfer in this day and age makes [the location of documents] a minor consideration."). This factor accordingly does not weigh strongly in favor of either forum.

### 3. Enforcement of Judgments

The trial court concluded that, based on the Plaintiffs' expert's testimony, a Curaçaoan judgment would be recognized in Florida. Nonetheless, this is an unnecessary complication associated with requiring the case to be litigated in Curaçao because it places an additional inconvenience and hardship upon the Plaintiffs. Rather than simply enforcing a Florida judgment against the Defendants, both of whom reside in Florida, the Plaintiffs would have to jump through the additional hoops of domesticating a foreign judgment and attempting to execute the judgment in Florida. This obviously benefits the Defendants but prejudices the Plaintiffs.

### 4. Practicalities and Expenses Associated with the Litigation

In addressing the practicalities and expense associated with the litigation, the

trial court failed to recognize that the Defendants will accept service of process in Curaçao only through counsel and they have made it clear that they **will not appear in Curaçao** for depositions, hearings, or the trial. Because the Defendants will not personally appear in Curaçao, the Plaintiffs will be forced to obtain their statements and/or depositions through letters rogatory, and of course, because the Defendants will not personally appear for trial in Curaçao, the Plaintiffs will be required to videotape their testimony or question them through some other electronic means rather than by live questioning. The Defendants' refusal to physically appear in Curaçao will, therefore, be an added expense and an unnecessary inconvenience if the suit proceeds in Curaçao, resulting in prejudice to the Plaintiffs that would not exist in Florida.

Also, in granting the motion to dismiss, the trial court recognized the possibility that the Curaçaoan court may refuse to accept jurisdiction. Specifically, the trial court ruled that "should the Curaçaoan courts refuse to accept jurisdiction over this case, despite Plaintiffs' earnest efforts . . . Plaintiffs shall have leave to seek reinstatement of this action before this Court." This ruling may result in additional expenses if the Curaçaoan court determines it does not have jurisdiction over the case because the Plaintiffs may be forced to demonstrate that they used "earnest efforts" to establish jurisdiction in Curaçao before the Florida court will grant the Plaintiffs leave to reinstate the action.

It is also important to note that, ironically, although the Defendants reside in Florida and Mezerhane has filed a federal lawsuit in Miami against the Venezuelan government, the Defendants claim that Florida is an inconvenient forum to litigate the instant case. Although there may be some cases in which a defendant can demonstrate that the forum where he resides is not the most convenient forum in which to litigate, the instant case is not one of those anomalies. There is no indication that proceeding in Florida would somehow "cause a material injustice to the [D]efendant[s]." Cortez, 123 So. 3d at 1094. As stated in Cortez, the doctrine of forum non conveniens "is not designed to empower defendants to disadvantage plaintiffs by engaging in reverse forum-shopping where . . . litigating in Florida would not cause a substantial burden to the defendant." Id.

Clearly, the private interest factors are not at or near equipoise; rather, the private interest factors weigh heavily in favor of maintaining the action in Florida. Because both the private **and** public interest factors must weigh more heavily in favor of the alternative forum in order for a motion to dismiss on the grounds of forum non conveniens to be successful, the trial court erred by granting the Defendants' motion to dismiss. See Cortez, 123 So. 3d at 1093.

C. Public Interest Factors

In Cortez, the Florida Supreme Court reiterated that the private interest factors are generally considered more important than the public interest factors.

14

Cortez, 123 So. 3d at 1093. However, the Court reaffirmed that the public interest factors must still be considered even if the "private factors weigh **more heavily in favor of the alternative forum**." Id. (emphasis added). Specifically, the Court stated:

> [W]e emphasize that Florida courts also should always consider this third step of the forum non conveniens inquiry, even if the private factors weigh more heavily in favor of the alternative forum, and should require that the balance of public interests also be tipped in favor of the alternative forum in order to defeat the presumption favoring the plaintiff's forum choice.

Id. Thus, if the private interest factors are at or near equipoise or weigh more heavily in favor of the **alternative forum**, the court should still consider the public interest factors, which may nonetheless prevent dismissal of an action. To warrant dismissal of an action, both the private and the public interest factors must favor the alternative forum. Id.

The public interest inquiry focuses on whether the litigation has a general nexus with the chosen forum "'sufficient to justify the forum's commitment of judicial time and resources to it.'" Id. (quoting Kinney, 674 So. 2d at 92 (quoting Pain v. United Techs. Corp., 637 F.2d 775, 791 (D.C. Cir. 1980))). The public interest inquiry also acknowledges that a court "may legitimately encourage trial of controversies in the localities in which they arise," and "a court may validly consider its familiarity with governing law when deciding whether or not to retain jurisdiction over a case." Kinney, 674 So. 2d at 92 (quoting Pain, 637 F. 2d at

15

791-92). However, because the private interest factors weigh more heavily in favor of maintaining the Plaintiffs' action in Florida, we need not address the public interest factors. See Cortez, 123 So. 3d at 1093 (holding that the public interest factors should be addressed when the private interest factors weigh in favor of dismissal); Rolls-Royce, Inc. v. Garcia, 77 So. 3d 855, 861 n.7 (Fla. 3d DCA 2012) (noting that the public interest inquiry in Kinney "'comes into play only if, in weighing the opposing parties' private interest factors, the trial court finds them to be at or near equipoise . . . .'" (quoting Kinney, 674 So. 2d at 91)).

D. No Undue Inconvenience or Prejudice in Reinstatement of Plaintiffs' Action in the Alternative Forum

Despite our determination that the order under review must be reversed, we briefly address the final Kinney factor: whether the trial court ensured that the Plaintiffs can reinstate their suit in Curaçao without undue inconvenience or prejudice. This "final Kinney factor is 'designed to ensure that when a forum non conveniens dismissal is granted, the remedy potentially available in the alternative forum does not become illusory.'" Cortez, 123 So. 3d at 1093-94 (quoting Kinney, 674 So. 2d at 92). "[T]his requires that the courts of the alternative forum are genuinely open and available to provide a convenient remedy and that the moving party stipulate to treat the action in the new forum as though it had been filed in that forum on the date it was filed in Florida." Id. at 1094 (citing Kinney, 674 So. 2d at 92).

16

Although the Defendants have agreed to service of process through their attorney in Curaçao, the trial court recognized the possibility that the Curaçaoan court may refuse to accept jurisdiction. If Curaçao refuses to accept jurisdiction, the trial court's order provides that the Plaintiffs "shall have leave to seek reinstatement" of the Florida action. Thus, reinstatement will not be automatic. If Curaçao declines jurisdiction, the Plaintiffs may be required to demonstrate that they used "earnest efforts" to establish jurisdiction in Curaçao, which, in addition to the time lost and the monetary costs, will inconvenience and prejudice the Plaintiffs.

## CONCLUSION

For the reasons above, we reverse the trial court's order dismissing the action because the Plaintiffs did not fail to join indispensable parties and because the trial court abused its discretion in granting the Defendants' motion dismiss based on forum non conveniens grounds, and we remand for further proceedings.

Reversed and remanded.

EMAS, J., concurs.

17

SHEPHERD, C.J., concurring specially

I concur in the decision of the majority to reverse the trial court order dismissing the case for failure to join indispensable parties and under the doctrine of forum non conveniens. I write only to clarify my reasons for reversing on the latter ground.

This case can easily be disposed of by reference to the private and public interest prongs of the forum non conveniens inquiry. With Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1093 (Fla. 2013), we are now required to "always consider" the public interest prong of the inquiry, "even if the private factors weigh more heavily in favor of the alternative forum." Both of these prongs must now tip in favor of the alternative forum in order to deflect a presumption favoring the

18

plaintiff's forum choice. Id. Finally, we are told to give the same strong presumption of forum choice to plaintiffs who are citizens of a state of the United States other than our own.[3] Id. at 1095-96. "This presumption 'can be defeated **only** if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption.'" Id. at 1092 (citing Kinney System, Inc. v. Continental Insurance Co., 674 So. 2d 86, 91 (Fla. 1996)) (emphasis in original).

As to the private interest factors, the defendants' argument that the "relative disadvantages" to them "are of sufficient weight to overcome the plaintiffs' choice of forum" does not pass the proverbial straight face test. The defendants, who live in Florida, are the alleged architects of the fraud. Their testimony alone should be sufficient to acquit themselves of the alleged fraud, if a defense there be. Additionally, it would seem that multiple other material witnesses reside in this state, including some additional former officers and directors of Banco Federal who may have knowledge of the dispute.

---

[3] The majority suggests that even a foreign plaintiff's choice of a Florida forum might be entitled to "**some deference**". See Maj. Op. at p. 10 (emphasis in original). I cannot join such speculation. In fact, if required, I would draw a contrary conclusion. See Cortez, 123 So. 3d at 1096 (stating "except where the plaintiff is from another country, the presumption in favor of the plaintiff's initial choice of forum is always entitled to great deference"). As the majority admits, the issue was not before the court.

19

On the other hand, the public interest prong of the forum non conveniens doctrine does tip in favor of dismissal. The legal requirement in this regard is that the case have some "'general nexus with the forum sufficient to justify the forum's commitment of time and resources to it.'" Id. (citing Kinney, 674 So. 2d at 92). The only connection this state has to the claims asserted by Publicidad Verpaco and La Tele Television is that the alleged defrauders, Mezerhane and Trujillo, reside here. However, they reside here as a matter of grace, growing out of political upheaval in their own country. The courts of this state have no obligation, legal or otherwise, to supplement the federal munificence being received by them.

Curaçao, at a minimum, is an "adequate alternate forum" for the litigation of this dispute. See Fla. R. Civ. P. 1.061(a)(1); Cortez, 123 So. 3d at 1091-92. "An alternate forum is 'available' when that forum can assert jurisdiction over the litigation sought to be transferred." Cortez, 123 So. 3d at 1091-92. The Florida Supreme Court stated in Kinney that "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction," Kinney, 674 So. 2d at 90 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-507 (1946)), and the "alternative forum offers at least some relief." Cortez, 123 So. 3d at 1092 (citing Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001)). In this case the defendants have agreed to accept service of process for any action filed against them in Curaçao. Furthermore, Publicidad Vepaco and La Tele Television

20

have demonstrated by the fact they previously have filed two actions in Curaçao, the most recently dismissed action being nearly identical to the one filed here, that Curaçao is an adequate alternative forum.[4]

Nevertheless, and despite the fact that every incident of wrongful conduct in this case occurred away from our shores, the natural workings of our forum non conveniens law as it now exists requires us to order the trial court to devote its limited resources and, perhaps even a panel of jurors, requisitioned from the citizenry of Miami-Dade County to resolve this dispute.

For these reasons, I concur specially in the decision of the majority.

---

[4] The majority confuses the "adequacy" element of this prong with "subject matter jurisdiction" as we know it in the courts of the United States. See Maj. Op. at 6-8. The majority cites Kinney, 674 So. 2d at 90 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22 (1981)), for this purpose. Maj. Op. at 6-7. Reyno confirms that the language "litigation of the subject matter of the dispute," upon which Kinney and hence the majority reposes its reliance, refers only to remedies and not jurisdiction. Relying further on Reyno, Kinney concludes that "alternative fora are inadequate under the [forum non conveniens] doctrine **only** if the remedy available there clearly amounts to no remedy at all." Kinney, 674 So. 2d at 90-91 (emphasis added). Cortez cites to the same passage from Reyno through Kinney. Accordingly, Cortez cannot be read to make any change in the analytical benchmarks of the "adequate alternative forum" prong of the forum non conveniens inquiry. The majority's suggestion that it somehow impedes the recognition of Curaçao as an "adequate alternative forum" for this litigation is misplaced.