# Third District Court of Appeal

### State of Florida

Opinion filed November 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2536
Lower Tribunal No. 14-1021
_____


**Victor Herrera-Zenil, et al.,**
Appellants,

vs.

**Carlos Luis Vasallo Tome, et al.,**
Appellees.



An Appeal from the Circuit Court for Miami-Dade County, Robert J. Luck, Judge.

Fors | Attorneys at Law and Jorge L. Fors, Jr., for appellants.

Dorta & Ortega, Nicole Ruesca, Omar Ortega and Aileen J. Esteban, for appellees.


Before LAGOA, EMAS and SCALES, JJ.

EMAS, J.

Carlos Luis Vasallo Tome, Mi Cine USA, Cine Nostalgia, Inc., and Cine Estelar, Inc., are defendants in the action below. Defendants filed a motion to dismiss the operative complaint of plaintiffs Victor Herrera-Zenil and Canal Mi Cine S.A. de C.V., on forum non conveniens grounds.

The trial court granted the motion and entered an order dismissing the complaint. Plaintiffs have appealed that order, which we review for an abuse of discretion. Kinney Sys. Inc. v. Continental Ins. Co., 674 So. 2d 86 (Fla. 1996); Rolls-Royce, Inc. v. Garcia, 77 So. 3d 855 (Fla. 3d DCA 2012). Upon our review and consideration of the entire record, we affirm.

The Florida Supreme Court, "out of growing concern that Florida was becoming a 'courthouse for the world' . . . adopted the federal forum non conveniens standard" in Kinney. Hilton Int'l Co. v. Carrillo, 971 So. 2d 1001, 1004 (Fla. 3d DCA 2008). Under this standard, a trial court presented with a forum non conveniens motion must consider: 1) whether an adequate alternative forum exists which has jurisdiction over the case; 2) all relevant private interests, keeping in mind the "strong presumption against disturbing plaintiffs' initial forum choice"; 3) if the balance of private interests is at or near equipoise, whether relevant public interests tip the scale in favor of another forum; and 4) if the balance favors an alternative forum, the court must ensure that plaintiffs can bring

suit in the alternative forum. <u>Kinney</u>, 674 So. 2d at 90. <u>See also</u> Fla. R. Civ. P. 1.061(a)(1)-(4).

The trial court conducted an evidentiary hearing over a period of three days, and live testimony was presented during two of those days. Following the hearing, and argument of counsel, the trial court entered a detailed, thirteen-page order which set forth its analysis of each of the <u>Kinney</u> factors. The order also addressed the evidence supporting the trial court's determinations that: Mexico was an available and adequate alternative forum; the private interest factors between litigating in Florida or Mexico were in equipoise; the public interest factors weigh in favor of Mexico as the forum for the action; the plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.[1]

Plaintiffs contend that there was no evidence to support the trial court's finding that Mexico was an available and adequate alternative forum. We do not

---

[1] In addition to setting forth its findings in support of this determination, the trial court included in its order several stipulations agreed to by the parties, as well as a retention of jurisdiction provision:
  - "the action will be treated in the new forum as though it had been filed in that forum on the date it was filed in Florida, with service of process accepted as of that date" (<u>see</u> Fla. R. Civ. P. 1.061(c));
  - "plaintiffs shall automatically be deemed to stipulate that they will lose the benefit of all stipulations made by the defendant . . . if plaintiffs fail to file the action in the new forum within 120 days after the date the Florida dismissal becomes final" (<u>see</u> Fla. R. Civ. P. 1.061(d)); and
  - the trial court retains jurisdiction of the action "to enforce its order of dismissal and any conditions and stipulations in the order" (<u>see</u> Fla. R. Civ. P. 1.061(h)).

3

agree. The defendants' Mexican legal expert provided, by affidavit and sworn testimony, sufficient evidence to establish that Mexico will provide an adequate alternative forum for the causes of action asserted in the operative complaint. Appellees presented no expert testimony to rebut or contradict defendants' evidence in this regard.[2]

In addition, defendants presented evidence of ongoing parallel litigation in Mexico between Mi Cine, Herrera and Vasallo on the same issues raised by plaintiffs in their complaint. There was no abuse of discretion in the trial court's determination that Mexico is an available and adequate alternative forum.

We reject plaintiffs' contention that defendant Vasallo waived *any* forum non conveniens challenge, and that the trial court therefore necessarily abused its discretion in granting the motion to dismiss on those grounds. A proper reading of the record indicates that, although Vasallo's counsel conceded that Vasallo, personally, was not going to challenge forum non conveniens as to himself, counsel made it clear that there was no waiver of the forum non conveniens

_____

[2] Plaintiffs, in ostensible reliance on our decision in Telemundo Network Grp., LLC v. Azteca Intern. Corp., 957 So. 2d 705 (Fla. 3d DCA 2007), contend that defendants' expert was required to point to Mexican decisional law in which a plaintiff alleging comparable facts was granted the relief sought by the plaintiffs in this case. While the absence of specific decisional law in the alternative forum may be a basis for disputing or impeaching an opposing expert's opinion, Telemundo does not affirmatively require the existence of decisional law in the alternative forum before an expert can render an opinion on the adequacy of the alternative forum.

4

challenge raised on behalf of the defendant corporations (Mi Cine USA, Cine Nostalgia, Inc., Cine Estelar, Inc.). Thus, the trial court properly analyzed the Kinney factors as to the forum non conveniens challenge pressed by the corporate defendants. And, in fact, the trial court considered, as one of the private interest factors, the fact of Vasallo's waiver of his own personal forum non conveniens challenge. Nevertheless, the trial court determined that the private interest factors were in equipoise, and we find no abuse of discretion in that determination.[3]

We find the other issues raised by plaintiffs are without merit and warrant no further discussion.[4]

---

[3] In weighing the private interest factor, the trial court expressly considered and analyzed the parties' access to evidence; access to witnesses; enforcement of judgments; and the practicalities and expenses associated with the lawsuit. See Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1092 (Fla. 2013). In considering this factor, the trial court gave proper deference to plaintiffs' choice of forum, recognizing that the "presumption in favor of a plaintiff's choice of forum 'can be defeated **only** if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption.'" Publicidad Vepaco, C.A. v. Mezerhane, 176 So. 3d 273, 278 (Fla. 3d DCA 2015) (additional citations omitted). We find the trial court did not abuse its discretion in giving some, but not great, deference to the choice of forum in the instant case: Herrera-Zenil is a permanent resident of Mexico and Brazil, and Mi Cine is a Mexican entity. See Mezerhane, 176 So. 3d at 278 (acknowledging that a foreign plaintiff's choice of forum, although not entitled to great deference, is entitled to some deference); GLF Constr. Corp. v. Credinform Int'l, S.A., 225 So. 3d 377 (Fla. 3d DCA 2017); Argandona v. Lloyd's Register of Shipping, 656 So. 2d 1311, 1315 (Cope, J. specially concurring) (Fla. 3d DCA 1995) (observing that the presumption in favor of the plaintiff's choice of forum "applies with less force when the plaintiff or real parties in interest are foreign . . . . [A] foreign plaintiff's choice deserves less deference." (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981))).

[4] Included among these is the claim that the trial court abused its discretion in deciding the motion without considering transcripts of depositions taken prior to

5

Affirmed.

---

the evidentiary hearing.  However, the trial court issued an order setting forth the procedure to be followed at the evidentiary hearing, and plaintiffs interposed no contemporaneous objection to that procedure. Plaintiffs' first objection to this procedure was made in its motion for rehearing, which the trial court denied.